GOWER v. HALLOWAY *et al.*

1. NOVATION: DISCHARGE OF SURETY: The novation of a debt without the knowledge of a surety discharges the liability of such surety.

*Appeal from Johnson District Court.*

WEDNESDAY, APRIL 16.

THE facts are stated in the opinion of the court.

*Clark & Davis* for the appellant, relied upon Edwards on Bills and Prom. Notes, 192, and note 193, and 219; 5 Wend., 490; *Kasson* v. *Smith*, 8 Wend., 437; *Smith* v. *Beckett*, 13 East., 186.

*Clark & Bro.* for the appellee.

BALDWIN, C. J.— The defendants borrowed of one E. C. Lyon the sum of two hundred and fifty dollars, and exe-cuted to him their promissory note therefor, payable one year after date. Gower Brothers & Co. signed this note as security. To indemnify their indorser against any loss they might sustain by the signing of said note, as security, the defendants executed to said Gower Brothers & Co. their joint promissory note in the sum of three hundred dollars, payable at the time the note to Lyon became due.

About the time of the maturity of the note to Lyon, Halloway placed money in the hands of Hemmingway, his co-obligor, sufficient to pay the one-half of the money due to Lyon. Hemmingway paid to Lyon the interest, and, desiring the use of the money for a longer time, made an arrangement with Lyon, by which the time of payment was to be extended. The note signed by the defendants to Lyon, and indorsed by Gower Brothers & Co., was given up. A new note was executed, signed by Hemmingway, as principal, and Gower Brothers & Co. and one Cava-

naugh as sureties. The sureties had their note to pay, and it is now claimed by plaintiff as the assignee of Gower Brother & Co., that defendants are liable upon their contract of indemnity for the amount the sureties were required to pay Lyon upon the new note.

The Court by its refusal to instruct the jury as requested by defendant Halloway, and by its instructions given at the request of plaintiff, and upon its own motion, in effect directed the jury that the act of the parties, in substituting the new note to Lyon in the place of the one signed by defendants, and the destruction or cancellation of the note for which the money was originally borrowed, did not release the defendant Halloway, or, in other words, that defendant Halloway was not released from his bond of indemnity until the original debt was paid.

We are of the opinion that the court erred in its view of the law that governs this case. The contract sued upon was in the nature of a security, a guaranty, that the note to Lyon should be paid at maturity, or that the plaintiff should be held free from all liability thereon. Has this obligation been violated by Halloway, or by the defendants, jointly? It is not important to consider the effect of the payment, by Halloway to his co-obligor, the money for the purpose of discharging his part of the liability. It is apparent, we think, that there was a new contract entered into for the extension of the time of the payment of the note on which Halloway was liable. This was done by the consent of Gower and Brother, and without any assent thereto, or knowledge of the same, upon the part of Halloway. The note upon which Halloway agreed to save the plaintiff from liability, was paid. The parties had no right to renew the note without the knowledge or consent of all the parties bound thereby, unless with the design of releasing those not parties to such a change.

It is argued, by the counsel for the appellee, that the

giving of the new note did not change the character of the original indebtedness,—and that the only mode in which Halloway could be released from liability to Gower, was by the payment in full of the original indebtedness to Lyon. This would be true, had not the security, Gower, by his own act, released the defendant from liability on the note.

The general rule is, that the giving of a bill of exchange or a promissory note for goods sold, or for an existing contract, is not to be regarded as payment of the indebtedness, unless there is an express agreement to that effect. The authorities, however, says Mr. Edwards, are not uniform on this subject. But was there not an express agreement by Lyon to receive the new note in payment of the old one? If so, was this agreement not participated in by the plaintiff? The old note was given up and destroyed; this was done by the consent of the parties thereto. By the acceptance of the new note, signed by Gower, as surety without the name of appellant, the original debtor, being affixed thereto, certainly indicates the assent of the plaintiff to the release of Halloway.

As before stated, the appellant, by his note to plaintiff, stood in the position of a guarantor, and it is a general rule that whatever discharges the contract of the principal discharges that of the surety. A surety is discharged by the novation of the debt, for he can no longer be bound for the first debt for which he was surety, since it no longer exists, having been extinguished by the novation; neither can he be bound for the new debt into which the first has been converted, since this new debt was not the debt to which he acceded. See Edwards on Bills, 218.

Holding, as we do, that the contract of Halloway with plaintiff was that of a surety, and we can conceive of no other legal relation he can bear to plaintiff, by virtue of the contract sued upon, the rights of the parties must be determined upon the principles of law which govern the liability

of securities. The act of the plaintiff, by the novation of the contract, released the appellant Halloway. The judgment is therefore

Reversed.