FARWELL & Co. v. SALPAUGH.

1. **Payment:** BY ORDER ON THE THIRD PARTY. The acceptance of a written order on a third party, in payment and satisfaction of a prior indebtedness, will be regarded as an extinguishment of such indebtedness, and limits the remedy of the person receiving the order to an action thereon.

2. —— It seems, if the order were not taken under the agreement that it should be in satisfaction of the prior indebtedness, that want of notice of non-payment of the order to the drawer would not effect his liability in an action on the original indebtedness.

*Appeal from Scott District Court.*

FRIDAY, DECEMBER 8.

ACTION upon an account stated for goods, wares and merchandise furnished by plaintiffs to defendant. The petition further avers, that defendant made and delivered to plaintiffs a written order for the amount of such indebtedness, upon the Rockford, Rock Island and St. Louis Railroad Company, payable at sight, which was duly presented and payment thereof refused. Certain amended petitions aver notice to defendant of non-payment of the order or set up excuses why such notice was not given.

The answer admits that plaintiffs furnished the goods for which suit is brought, and that upon an accounting the sum claimed by plaintiffs was found due from defendant, and that he executed the order named in the petition; the other allegations of the petition are denied. As a further defense the answer avers that the order was given by defendant and accepted by plaintiffs in full payment and satisfaction of the original indebtedness and of its non-payment defendant has had no notice; that the railroad company undertook to pay plaintiffs, and plaintiffs agreed to release defendant, and defendant discharged the railroad company of so much of his claim against it, and that plaintiffs released defendant from any liability on the order: There was a general verdict for defendant, and the jury found specially: 1. That the order, under an agreement of the parties, was taken in full and absolute payment of the account sued on. 2. That the order was presented to the railroad company on the day it was drawn. 3. That it has not been paid. 4. That, after the order was given,

and before suit brought, defendant drew from the railroad company all the funds it was willing to pay him. 5. That the financial condition of the railroad company was not changed from the time the order was given to the time of the commencement of the suit. 6. That defendant has suffered no injury on account of the alleged failure of plaintiffs to give notice of non-payment. 7. That from the ordinary course of dealing of the railroad company, defendant had reasonable expectation of the payment of the order. Upon the verdict a judgment was rendered. The plaintiffs appeal.

*Brown, Campbell & Sully,* and *C. M. Osborn* for the appellants.

*Martin & Murphy* and *Sweeny & Jackson* for the appellee.

BECK, J. — I. The case is presented by appellants' counsel as though it were brought and prosecuted upon the order given by defendant upon the railroad company, and not upon the account for goods and merchandise. The greater portion of their argument is devoted to a discussion founded upon this view of the case. They discuss, very ably, the doctrines of acceptance, of notice for non-payment, etc., applicable to transactions upon bills, and claim that, under them, defendant is bound upon the order as a drawer of dishonored paper. So far as this case is concerned, it may be admitted that counsel's views are sound, but their inapplicability to the facts and issues presented by the record cannot be doubted. This action is based upon the account, and not upon the order given therefor. The pleadings raise the issue that this order was given in full payment and satisfaction of the account; the jury find this issue for defendant. Now, we fail to see what defendant's liability upon the *order* has to do with

the case. His liability thereon may depend upon questions relating to presentation, notice of non-payment, etc. These can have nothing to do with his liability upon the account, the original consideration for which the order was given. We will, therefore, be spared the necessity of following counsel in their argument upon this branch of the case, as presented by them.

II. The giving and accepting of an order, bill of exchange or promissory note for a prior indebtedness will not be regarded as payment thereof, unless there be an express agreement between the parties to that effect. *Gower* v. *Halloway*, 13 Iowa, 154; *McLaren* v. *Hall et al.*, 26 id. 297; *Smith* v. *Miller*, 43 N. Y. 171; *Story et al.* v. *King*, 35 Ill. 9.

This rule of law was properly given by the court to the jury, and, as we have before remarked, the jury found that the order was given under an agreement of the parties that it should be in satisfaction of the indebtedness. As we have not all the evidence before us we cannot say that this finding is not supported by the proof. It appears to us that here the law of the case, as it is presented by the pleadings, ends, but the court went further, and gave instructions which, we think, were not called for under the issues.

III. The jury were directed that, as it is conceded, the order was drawn in favor of and delivered to plaintiffs for the amount of defendant's indebtedness, it is incumbent upon plaintiff, to entitle him to recover, to show: 1. That the order was presented for acceptance and payment, which were refused. 2. That defendant had notice of such refusal, unless the circumstances were such that defendant, under the law, was not entitled to notice, or that he had no funds in the hands of the drawer when the order was made, or had drawn the funds out of the hands of the drawee before presentation of the order, etc. In such cases the jury were instructed that want of notice would not release the de-

fendant from liability upon his indebtedness to plaintiffs, unless it be shown that the drawer failed or become insolvent after the order was given and before suit, or unless it be shown that the defendant was injured, in some way, by the want of notice. The jury in the same instruction were told that, if the defendant sustained no injury on account of the want of notice, then such want of notice is no defense to the action.

Now, in case it appeared that the order was in fact given, under an agreement of the parties, in payment or satisfaction of defendant's indebtedness, and the drawee, by acceptance or any other act, had become liable thereon, it is very plain that any negligence of plaintiffs in giving notice of non-payment would not restore defendant's liability on the original consideration. The object of notice of non-payment is to fix the drawer's liability upon the *bill*. It has no effect upon the drawee's liability. He is bound by acceptance or other acts having the same effect in law. If he becomes thus bound he continues bound, and want of notice to the drawer does not affect him. Now if, in this case, the defendant was discharged, under an agreement to that effect, from his original indebtedness and his liability changed therefrom, to liability upon the order, the failure to notify him of non-payment does not restore his obligation upon the original indebtedness, neither does it affect the drawee's liability upon the order, who remains, as we have just said, bound thereon. The want of notice therefore has no effect upon the transaction to release the drawee upon the order, or restore the drawer's liability upon the original indebtedness.

Were this an action upon the order, the fact of notice to the drawer would be an essential element in fixing his liability. A failure to distinguish between the nature of the obligation of the defendant, upon the original contract and upon the order, probably resulted in the court's giving the instruction above stated. That it is erroneous

Farwell & Co. v. Salpaugh.

there can be no doubt. The instruction would be equally erroneous if the case should be that no agreement was made, when the order was executed, for the discharge of defendant from his original indebtedness. If he was not discharged therefrom, want of notice of the non-payment of the order would not release him upon his original contract, nor would notice make him liable thereon. In short, notice of non-payment of the order, in no event, has any thing to do with defendant's liability upon the original indebtedness. The court erred, therefore, in giving the instruction in question and one or two other instructions upon the same subject. Under them the plaintiffs were required to show notice to defendant, or proper excuse for not giving it, when, as we have just seen, it did not constitute an element of his liability.

As we have seen, the jury, by a special verdict, found that the order, by the agreement of the parties, was taken by plaintiffs in full and absolute payment of the account sued on. This verdict is in response to an issue in the case, and under it the defendant would have been entitled to judgment even though the jury had found that defendant had been notified of non-payment, or an excuse therefor existed which, by the instructions of the court, would render him liable. Had the jury found a verdict for plaintiff under the instructions in question, it could not have been sustained. The instructions, therefore, though erroneous, work no prejudice to plaintiffs and do not demand the reversal of the case.

The foregoing views dispose of all points argued by plaintiffs' counsel. Certain objections are raised in the assignment of errors but are not relied upon in the argument. We are not required to notice them.

Affirmed.