EDWARDS & BEARDSLEY v. TRULOCK.

1. **Appeal:** FROM JUSTICE OF THE PEACE. Where, in an action before a justice of the peace, the plaintiff declares in one count for money due on account, and in another count for money due on a promissory note given in settlement thereof, stating that he claims to recover on but one, and judgment is rendered in his favor on the note, and the cause based on the account is dismissed, an appeal by the defendant brings up the whole case for trial, as well in respect to the claim based on the account as that based on the note.

2. **Payment:** OF ACCOUNT BY NOTE: ACTION. The giving of a note for an account does not operate as a satisfaction of the account, unless it is so received; and an action may be maintained on the account.

*Appeal from Des Moines Circuit Court.*

FRIDAY, OCTOBER 10. ·

PLAINTIFFS filed in the office of F. Wilcox, a justice of the peace, their petition, as follows:

"*First*—That in 1868, plaintiffs were publishing the Burlington *Hawk Eye;* that defendants, Overton & Trulock, were partners and doing business in said city; that in and prior to 1868, and during said copartnership, defendants advertised in said paper to the amount of $131.20, as per account annexed; that said account is due, etc.

"*Second* — For other cause of action they state that defendants were partners in 1868; that during said year they executed to plaintiffs their note, as follows:

'$64.95.                          BURLINGTON, *October* 28, 1868.

One month after date we promise to pay to the order of Edwards & Beardsley, $64.95; at seven per cent.

'OVERTON & TRULOCK.' ·

That said note is their property, and unpaid, except $5; that said note was given in settlement of said account, and they seek to recover upon but one of the causes of action stated."

The defendant Trulock filed his answer to the first count of the petition, as follows:

"That in 1868 defendants were copartners in the practice of law; that said copartnership continued from its formation until April, 1868, at which time it was dissolved; that plaintiffs knew that defendants were engaged in the practice of law; that the copartnership was dissolved prior to October, 1868, and that Overton had no authority to make the note; that plaintiffs knowing these facts induced Overton, on October 28, 1868, to give them said note to satisfy their pretended

claim, and took it in full settlement of any or all claims held by them against Overton, or Overton & Trulock; that for a valuable consideration, and after the maturity of said note, they sold it to J. C. Power, who took it with full knowledge of all the facts; that the note was indorsed in blank without recourse; that afterward J. C. Power indorsed it back to plaintiffs in blank, and without recourse; that they sold said note and received payment of their account in full."

For answer to the second cause of action defendant "states that codefendants were partners in the practice of law in Des Moines county, Iowa, prior to 1868; that on or about April 1, 1868, said copartnership was dissolved; that plaintiffs had full knowledge of this fact; that on the 28th day of October, 1868, plaintiffs claimed some indebtedness against D. Y. Overton, or the late firm of Overton & Trulock, and on that day they induced said Overton to make said note and sign the firm name of Overton & Trulock thereto. Defendant says he never signed the note, or authorized Overton or any one else to sign it for him, nor has he ratified or sanctioned it; and that Overton had no authority to make the same."

To the answer to the first cause of action, plaintiff demurred, as follows:

" *First* —The facts stated do not constitute a defense to the cause of action as set forth in said count, for that it avers the execution and delivery by the defendant Overton to plaintiff, in payment of an account against the firm of Overton & Trulock, of a note signed in the name of said firm; but avers, also, that said note was executed without authority, and that defendant is not liable thereon.

" *Second* — Said answer states facts that avoid the defense set up therein; for that it avers that the account upon which plaintiff seeks to recover has been fully paid and satisfied, by the execution and delivery to plaintiffs of a certain promissory note; but avers, also, that the signature to said note is not genuine, and that said note has no binding effect in law."

The justice sustained this demurrer, and rendered judgment against the defendants on the note sued on for $78.00, and

dismissed the action on the account set forth in the first count of the petition.

The defendant Trulock gave notice of appeal from the judgment on the note.

When the cause came on for hearing in the circuit court the parties submitted to the court the jurisdictional question whether the appeal of the defendant brought into the circuit court for trial the cause of action on the account, as well as on the note, and the court held that the appeal brought up for trial the action on the account as well as on the note, to which ruling the defendant excepted.

The cause was submitted to the court for trial, who found the facts as follows :

"*First*—That in the year 1867, and until the summer of 1868, defendants were partners and doing business as attorneys and real estate agents, under the firm name of Overton & Trulock.

"*Second*—That the defendants at the time of the execution of the note set out in second count of plaintiffs' petition were justly indebted to plaintiffs on the account sued on in the sum of $ ——.

"*Third*—That the note sued on was executed by one of the members of the firm of Overton & Trulock, after the dissolution of said firm, and without authority by the terms of dissolution.

"*Fourth*—That at the time of the execution of said note, plaintiff had notice of such dissolution.

"*Fifth*—That the note set out in second count of plaintiffs' petition was given in settlement of said account."

The court found as conclusions of law that the note was null and void and that it did not satisfy the account; and rendered judgment against defendants for the amount of the account, and interest.

The defendant Trulock appeals, and assigns the following errors :

1. The court erred in holding that the appeal from the judgment, rendered by the justice of the peace, on the note,

brought up for trial in the circuit court the cause of action on the account, and in taking jurisdiction of said cause of action.

2. The court erred in holding that it was not necessary for the plaintiffs to appeal from the judgment dismissing their cause of action on the account in order to have the same retried in the circuit court.

3. The court erred in holding that the defendant was indebted to plaintiffs on the account sued on in the sum of $——, and in rendering judgment against him for that amount.

4. The court erred in holding that the note was null and void as to Overton, and in holding that it did not pay the debt, if any existed, and in ordering it canceled.

*Stutsman & Trulock* for the appellant.

*John C. Powers* for the appellee.

DAY, J. — I. The first and second assignments of error may be considered together. There is no error in the ruling of the court that the defendant's appeal brought into the circuit court for trial the cause of action on the account. Plaintiffs sued the defendants for a certain indebtedness evidenced by a note and an account, and as is authorized by section 2935 of the Revision they set forth their claim in both forms, stating that they sought to recover upon but one claim.

1. APPEAL.

The real question presented was not whether defendants were indebted to plaintiffs on a note, or on an account, but whether they were indebted at all upon either. The material inquiry was whether the defendants owed the plaintiffs, not whether the indebtedness arose upon an account or upon a note.

The appeal brought up the cause for trial on its merits. Revision, § 3932. This cause was the liability of defendants to plaintiffs upon a note or upon an account. It was not competent for the defendant to divide the cause, and present upon

appeal but a part of it, to wit: his liability upon a note. It was not necessary for plaintiffs to appeal from the judgment of the court dismissing their cause of action on the account. Plaintiffs had nothing from which they could appeal. They recovered all they asked. They prayed for judgment on the account or on the note. They recovered judgment on the note. Having this they were not entitled to judgment on the account. It was immaterial to them what became of the cause of action on the account. Having rendered judgment on the note it was not, perhaps, necessary that the cause of action on the account should be dismissed. But its dismissal, so long as the judgment on the note remained, worked no prejudice to plaintiffs, and it was not necessary that they should appeal therefrom.

II. The remaining assignments involve the question of the liability of defendants upon the account after the execution of the note.

If this note had been executed by both members of the firm, or under such circumstances as to bind both, it would not have discharged the indebtedness evidenced by

2. PAYMENT.

the account, nor have constituted a bar to an action thereon, unless it had been received in satisfaction of it. *Gower* v. *Holloway*, 13 Iowa, 154; *McLaren* v. *Hall*, 26 id. 297. For a greater reason must this be true where the note does not bind the parties whose names appear thereto as makers, as it is conceded, and even urged by appellant, this one does not. There is no proof that the note in question was taken in satisfaction of the account.

This view disposes of the alleged error in holding the note void as to Overton. For if the note, though valid as to both parties, does not satisfy the account, it does not do so, if valid as to Overton, and this finding of the court is immaterial.

This view disposes of all the errors assigned.

Affirmed.