CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. MICHAEL BURNS.

FILED MAY 22, 1901. No. 9,645.

1. .Payment: NOTE OR BILL OF EXCHANGE FOR PRIOR DEBT: EXPRESS AGREEMENT. The giving and acceptance of an order, bill of exchange or promissory note for a prior indebtedness will not be regarded as payment, unless there be an express agreement between the parties to that effect.

2. Pay Check: THIRD PARTY: RAILROAD OFFICIAL. An order or "pay check" drawn by a paymaster of a railroad company, on the assistant treasurer, in favor of an employee, is not drawn against a third party, but on the party from whom the debt, for which the "pay check" is given, is due.

3. ———: PAYABLE AT BANK: COMPANY AND NOT BANK DRAWEE. A "pay-check," given to an employee of a railroad company by the paymaster, drawn on the assistant treasurer, and made payable at different banks therein mentioned, is not a check on either of the banks as by a depositor therein. Such check is made payable at the bank specified and not by the bank, and the company, not the bank, is the drawee.

4. ———: LOST PAY CHECK: FORGERY: PAYMENT TO UNAUTHORIZED HOLDER: RIGHT OF RECOVERY. Where the payee of a "pay check," drawn to him or his order, is robbed of it and his indorsement forged thereon, and payment made to an unauthorized holder, the payee may, notwithstanding such payment, recover from the drawee the amount due him, as evidenced by the order.

5. Negligence. The drawee sought to escape liability of payment to the payee on the ground of his alleged negligence. *Held*, first, as a question of fact, a finding in favor of the plaintiff would not be disturbed; and, second, the unlawful possession of the holder of the order, and the receiving payment on the forged indorsement, being the result or fruit of a crime, the defendant could not predicate an estoppel by negligence thereon, unless it appears that the negligence is the proximate cause of the forgery being taken as genuine.

ERROR from the district court for Douglas county. Tried below before POWELL, J. *Affirmed.*

*Greene & Breckenridge,* for plaintiff in error.

*A. N. Ferguson, contra.*

HOLCOMB, J.

The plaintiff below, Michael Burns, defendant in error, was employed by the plaintiff in error as a day laborer, for whose services settlements were had monthly. "Pay checks" were issued upon which the employee was to receive the money due him for labor performed. It appears from the record that there had been delivered to him for his services by the paymaster of the company two "pay checks" aggregating $51.21, one of which reads as follows:

ᵒ          "No. 71509.

"BURLINGTON & MO. RIVER R. R. IN NEB.

OMAHA, November 30, 1895.   $25.23
"J. G. Taylor, Asst. Treas.   Pay to the order of M. Burns twenty-five 23-100 dollars.

"Payable at the Nebr. Nat'l Bank, Omaha, First Nat'l Bank, Lincoln, First Nat'l Bank, Denver.

"Not good for an amount exceeding two hundred dollars.                      .C. W. NORTHUP,
"F. W.
*"Paymaster.*

"1895.   Pay check.   Burlington Route, B. & M. R. R. in Neb.

"No· protest."

The other .is the same except as to the amount and date. The defendant in error, while returning from where he had been laboring in Wyoming, was, as he testifies, robbed of the two pay checks mentioned, and his indorsements thereon forged, and the amount for which they were drawn secured at one of the banks where made

payable by some unknown person. Burns began suit against the company for the amount due him for his services, as evidenced by the two "pay-checks" of which he had, as alleged, been robbed. The company, having paid the bank cashing the check under the circumstances mentioned, denied further liability, and from a judgment against it, for the sum claimed, with interest, brings the case here by proceeding in error.

Counsel for plaintiff in error close their brief with the statement that the case should be reversed for two reasons: (1) The receipt of the checks extinguished the indebtedness of the railroad company to Burns; (2) the payment upon a forged indorsement raised a liability in plaintiff's favor against the bank where they were cashed. We do not think the receipt of the checks extinguished the company's liability to Burns. This would not be the case in the present action, even though the assistant treasurer of the company, on whom the order was drawn, was a third party—which he is not. The rule is: "The giving and accepting of an order, bill of exchange or promissory note, for a prior indebtedness will not be regarded as payment thereof, unless there be an express agreement between the parties to that effect." *Farwell v. Salpaugh*, 32 Ia., 585, and cases cited; *Chamberlain Banking House v. Woolsey*, 60 Nebr., 516. There is no evidence of any express agreement that the pay-check was received in satisfaction of the sum due for labor, and it would be ridiculous to conclude that its receipt was other than for the purpose of obtaining from the company, his debtor, on whom it was drawn, the money due as evidenced thereby. But, taking the view contended for, that the acceptance of the order satisfied the prior indebtedness for labor performed and created a new liability in favor of the plaintiff, he has a right of action thereon against the company, as drawee, which is properly pleaded in his petition and justifies a recovery of the amount claimed. The transaction does not come within the rule of an acceptance of an order on a third

party, being a payment and satisfaction of a prior indebtedness, and the authorities in support of the rule are not applicable. The "pay check" or order was not on a third party. It was addressed to the assistant treasurer of the company, signed by the paymaster, and was a direction for the payment by the company, through its proper disbursing officer, of the amount due from it to the employee or his order. The fact that the order is made payable at different banks does not change the character of the instrument. The reasons for making the order thus payable do not appear from the record, and it is needless for us to speculate or philosophize regarding the matter. It is probably regarded as a matter of convenience to all concerned to have the orders gathered up by certain banks and presented by these banks to the company for payment, rather than by the individual payees.

As to the second proposition, viz., the alleged liability of the paying bank to the plaintiff, instead of the liability of the defendant company, we think the question hardly admits of argument. None of the banks mentioned as places where the order is payable, are made a drawee in the pay check, against whom a right of action could be maintained in the event the check was not honored when presented. If not paid, the payee must look to the company on whom the order is drawn for satisfaction. By the evidence of the officers of the company it is made to appear that these "pay checks" are paid by one of the banks named, which immediately forwards them to the assistant treasurer of the company for payment, upon receipt of which by him a bank check of the company is sent to the bank, thus paying the orders, payment to the bank being made in whatever sum was due by reason of cashing the "pay checks." The "pay check" is made payable at and not by the bank. It can not, therefore, be said that the order is a check on a bank, in which the company is a depositor, and, when issued and accepted, an assignment of the company's funds in the bank on

which drawn, subject to the laws generally applying to checks drawn on banks by the depositors therein. The checks or orders in question were drawn against the company, to be paid by its assistant treasurer to the payee therein named, or to his order. The payee never parted with the legal title thereto. He never indorsed the paper or authorized any one to collect the same. The indorsement being forged, it is no indorsement, and the payment by the company to the holder, under the circumstances, was unauthorized and in no way militated against the legal rights of the payee to recover whatever was due him, as evidenced by the orders of which he had been unlawfully deprived. Benjamin's Chalmers Bills, Notes & Checks, art. 81, p. 90. We know of no legal principle which may be applied to relieve the company from liability to the plaintiff on his cause of action stated in the petition.

It is suggested that the plaintiff, being intoxicated at the time, was guilty of negligence, which would preclude a recovery. The alleged negligence is a question of fact, upon which an issue was formed and which has been decided against the defendant. Furthermore, the unlawful possession of the holder of the orders, who received payment on the forged indorsements, being the result or fruit of a crime, we know of no rule that would permit the defendant to predicate an estoppel by negligence thereon, unless it appears that the negligence is the proximate cause of the forgery being taken as genuine. Benjamin's Chalmers Bills, Notes & Checks, p. 93.

We are of the opinion that the judgment should be affirmed, which is accordingly done.

AFFIRMED.