### H. Craswell v. Pure Breed Cattle Commission Co., et al., Appellants.

**Partnership:** SETTLEMENT OF FIRM DEBT BY ONE PARTNER: LIABILITY OF OTHER PARTNERS. Acceptance of the individual note of one of two or more members of a partnership who are jointly and severally liable does not constitute a settlement of the claim against the other members of the firm, in the absence of its express acceptance for that purpose.

**Same:** EVIDENCE. Testimony of the partner giving his note for a firm debt that the other partners understood the transaction to be a full settlement of the partnership liability was inadmissible, because a conclusion drawn from facts not appearing in the record. And as the note in question was signed by the partner in his individual capacity, evidence as to whether he had authority to sign the partnership name was immaterial, especially as his authority to act for the partnership was not an issue.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

THURSDAY, JUNE 16, 1910.

ACTION to recover the amount alleged to be due from defendants, Charles Escher, Jr., H. R. Ryan, and E. G. Ryan, engaged in business as a partnership under the name of the Pure Bred Cattle Commission Company, for cattle of plaintiff's sold by defendants as commission merchants. The defendants alleged settlement consisting of the acceptance by plaintiff of the individual note of H. R. Ryan for the amount of plaintiff's claim. The case was tried to the court without a jury, and judgment was rendered for plaintiff, from which defendants appeal.—*Affirmed.*

*R. H. Brown,* for appellants.

*E. J. Stason,* for appellee.

McCLAIN, J.—The evidence tended to show that the defendants received plaintiff's cattle for sale and sold them on plaintiff's account, H. R. Ryan, the manager of the partnership, acting for the firm in the transaction; that about eight months after the sale was made, and after plaintiff had repeatedly demanded payment from defendant, H. R. Ryan, acting as manager, the plaintiff accepted from Ryan his personal note for the amount due to plaintiff from defendants; and that this note, which was past

due before this action was instituted, had never been paid and was still in the possession of the plaintiff. A return of Ryan's note was tendered.

Under these facts, which we are justified in assuming the court found to be established by the evidence (which finding has the force and effect of the verdict of a jury), the only question of law involved is whether the acceptance from one of two or more members of a partnership of the individual note of such member constitutes a settlement of a claim as against the other partners. This question is easily answered. The acceptance of the note of one of two or more debtors jointly and severally bound does not presumptively constitute a settlement of the claim. *McLaren v. Hall*, 26 Iowa, 297; *Edwards v. Trulock*, 37 Iowa, 244. The claim of defendant that there was an express acceptance of the note in satisfaction of the amount due from defendants to plaintiff was not supported by the proof, and the mere receipt of the note does not give rise to any implication that it was received in settlement.

*1. PARTNERSHIP: settlement of firm debt by one partner: liability of other partners.*

Some claim is made in argument that the transaction with H. R. Ryan constituted a merger of the indebtedness of the defendants, and also that it was a novation. Something further is said as to estoppel. But none of these matters were pleaded, and there was no evidence to support appellants' contention on these grounds. No discharge or satisfaction or release is to be implied from the mere acceptance of the note.

The claim that the court erred in sustaining an objection to a question asked of H. R. Ryan, testifying for defendants, as to whether the other defendants understood that the giving of the note was a settlement of the indebtedness is without foundation, for plainly the witness could not say what the understanding of the other members of the partnership was. His statement in that respect would be a mere conclu-

*2. SAME: evidence.*

sion or inference from facts not appearing in his testimony or otherwise. Equally without merit is the claim that the court erred in sustaining an objection to a question asked of the same witness as to whether he had any authority to sign the partnership name to a note except by himself as manager. It did not appear that he signed the note in question as manager, and, in any event, his authority to act for the partnership was not in controversy. The judgment is *affirmed*.