EDWARDS & BRADFORD LUMBER COMPANY, APPELLEE, V. MARY LAMB, APPELLANT.

FILED FEBRUARY 13, 1914.   No. 17,570.

1. **Payment:** NOTE AS PAYMENT. "The giving and acceptance of a promissory note for a prior indebtedness will not be regarded as payment, unless there be an express agreement between the parties to that effect." *Chicago, B. & Q. R. Co. v. Burns*, 61 Neb. 793.

2. ———: ———: HUSBAND AND WIFE. The fact that the person executing the promissory note was the husband of the defendant would not change the rule.

3. **Trial:** INSTRUCTIONS. Where an instruction is given to a jury, which it is claimed did not fully state the rule of law upon the subject involved therein, but did not misstate any rule to be ap-

plied, the attention of the court should be called to the omission, as claimed, by an instruction containing the alleged omission. If not, there can be no ground for reversal therefor.

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*J. R. Swain,* for appellant.

*G. N. Anderson, contra.*

REESE, C. J.

This is an appeal from a judgment rendered by the district court for Greeley county in favor of plaintiff and against defendant for the sum of $124.30 upon a book account. Defendant appeals.

The petition is in the usual form in cases of this kind. The answer denies all indebtedness to plaintiff, which is probably no denial of the averments of the petition, and it is contended by plaintiff that this is in effect an admission thereof. However, as the answer in another paragraph denies "each and every allegation contained in plaintiff's petition not hereinbefore specifically admitted or qualified," the denial of indebtedness may be treated as surplusage. There are averments in the answer, which, though stated in an affirmative form, amount to nothing more than a cumulative denial. No averment contained in the answer had the effect of changing the issues from those presented by the general denial. The whole contest was centered upon the one issue as to whether defendant had purchased the goods described in the petition. Proof that they were purchased by a third party, and for which said party executed his promissory note, without the knowledge of defendant, raised no new issue; those facts constituting circumstances provable under the general denial as tending to show the nonliability of defendant. The reply is a general denial.

At the close of plaintiff's evidence the defendant moved the court for an instructed verdict in her favor, which the court denied. This action of the court is assigned for

error; but, as the whole matter can be disposed of upon a review of the final result, we need not pass upon the isolated question. The verdict returned was in favor of plaintiff for the whole amount of principal claimed, but allowed no interest. Judgment was rendered accordingly.

Defendant is the wife of "Mike" Lamb, and it is claimed that he purchased the goods upon his own credit, and not upon the credit of his wife, who owned a large farm near plaintiff's place of business, and that her husband subsequently gave his promissory note in payment of the claim. It is conceded that he gave his note, as alleged; but the evidence does not establish the fact that the note was either given or received in *payment* of the account. The note has never been paid. The mere giving of a note for a prior indebtedness will not be regarded as payment, unless there is an express agreement between the parties to that effect. *Harvey v. First Nat. Bank,* 56 Neb. 320; *Chicago, B. & Q. R. Co. v. Burns,* 61 Neb. 793. There is no such proof in the record. The matter of giving the note may be eliminated from the case (defendant not being a party to it), except as a circumstance from which it might be argued that, if defendant owed the debt, plaintiff would not have called upon her husband to pay it, and, if unable to pay it, that his note should be demanded and accepted for the purpose of closing the account on the books of plaintiff. The account runs against "M. Lamb." Defendant's name is "Mary," and her husband's name, so far as this record shows, is "Mike." It is shown by the evidence that at least a part, if not all, of the items charged in the account were taken to and used by defendant on her farm. It was conceded by defendant that she had, before the running of this account, traded with plaintiff, running an account at the store; but she insisted that all her prior indebtedness there had been paid, and she seems to have supported that contention. The case was not as skilfully tried as is the custom of the attorneys representing the parties upon the trial; but it is possible that they made use of all available evidence, and the issues were as well presented as could have been done. The

result is not very satisfactory; but in many respects the testimony of the witnesses was conflicting, and it may be that the conclusion arrived at by the jury reached the point of substantial justice, and we are not inclined to interfere with the verdict upon the ground that it was not sustained by the evidence. Of course, if plaintiff was entitled to recover at all, interest on the debt should have been allowed; but of this defendant cannot and does not complain.

Objection is made to instructions 7, 8, 9 and 10, given by the court to the jury. Nos. 7, 8 and 9, are objected to as not being a full statement of the law applicable to this case; that as to each one a certain modifying clause as suggested by counsel should have been added to the instruction. The question is not before us, for the reason that it was incumbent upon defendant to have presented instructions completing the statements of the law, thus calling the attention of the court to the desired instruction in order that the omission, if it existed, might be corrected. *Olmstead v. City of Red Cloud,* 86 Neb. 528; *Suiter v. Chicago, R. I. & P. R. Co.,* 84 Neb. 256. No such instructions were requested. The objection to the tenth instruction is that it is not a correct statement of the law. It is as follows: "You are instructed the burden of proof is upon the party who alleges payment, and, if the defendant asserts that she paid in anything besides money, she assumes the additional burden of proving that what was received was taken in payment, and at the risk of the creditors. A note given by a third party for a preexisting debt is not payment, unless it be expressly agreed to be taken as payment, and at the risk of the creditors. There must be a clean and special agreement that the creditors shall take the note absolutely as payment, or it will not be payment, if it afterwards turns out to be of no value." While in some parts of the instruction there is an unnecessary use of emphatic words, yet we cannot say that their use was prejudicially erroneous. We understand it to be the law that, in order to constitute a payment by the receipt of a promissory note, it must be

given and received under an express agreement that it is so given and received, and that the statement that "there must be a clean and special agreement" that it was so received is not an infraction of the legal rule. If it is a "payment" of the demand; it terminates the existence of that claim; and no action can be founded upon the original claim, because it is paid. Otherwise, it simply changes the form of the evidence of the existence of the debt, and an action may still be maintained upon the original demand, but which could not be done if the debt is paid. We can see no reversible error in the instruction. Had the question of fact been submitted to the writer hereof in the first instance, it is probable that he would have concluded that the evidence establishing the liability of defendant for the payment of the debt would hardly be sufficient, yet the facts, with the inferences to be drawn from them, were submitted to the jury, and we hesitate to interrupt their finding.

It follows that the judgment of the district court must be affirmed, which is done.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.