CHARLES E. BYERS ET AL., APPELLANTS, v. M. CHASE ET AL., APPELLEES.

FILED APRIL 12, 1918. No. 19899.

1. **Mortgages:** DISCHARGE. A note taken for a pre-existing debt which is secured by a mortgage, the original note not being surrendered or canceled, does not operate to discharge the lien of the mortgage.

Byers v. Chase.

2. ———: MECHANICS' LIEN: PRIORITIES. When property is subject to a mortgage at the time of the inception of a mechanics' lien, such mortgage retains its priority, notwithstanding the value of the mortgage security is increased by the labor and material of the mechanics' lien claimant.

3. ———: RENEWAL: PRIORITY. Priority of a mortgage is not lost by a renewal thereof, when the debt secured is the same, and the property is not released from the lien.

APPEAL from the district court for Furnas county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*J. G. Thompson,* for appellants.

*Lambe & Butler* and *J. M. Mohney, contra.*

HAMER, J.

This is an appeal from the district court for Furnas county in an action to foreclose a mechanics' lien. The record discloses that the plaintiff Byers Lumber Company entered into a verbal contract with one M. Chase, who was the owner of lots 4 and 5, in block 3, of Smith's addition to the village of Edison, in said county, to furnish him material with which to build a house on said lots. The plaintiff furnished such material to Chase between the 27th day of October, 1910, and the 18th day of May, 1911, and duly perfected a lien for $280.50. The lien was not paid, and plaintiff commenced this suit to foreclose the same, making the Bank of Edison and James Parmenter defendants with Chase and his wife. The Chases defaulted, but the Bank of Edison filed an answer and cross-petition, alleging, in substance, that defendant Chase and his wife on the 22d day of December, 1909, executed and delivered their promissory note for $1,900 to the bank, together with a mortage on lots 4 and 5, and lots 18, 19 and 20, in Smith's First addition to the town of Edison, to secure the payment of said note. This mortgage was duly recorded, and it was set forth that the note had not been paid, that by reason thereof the bank had a first lien on the premises, and therefore prayed for a foreclosure of its mortgage. It

appears from the bill of exceptions that, while the material for the construction of the house on lots 4 and 5 was being furnished, a contract was entered into between Chase and the bank by which the bank extended the time for the payment of Chase's note, taking a new note for $1,628, but the original note for $1,900 was never canceled or delivered to Chase. There was a claim in the extension agreement by which the bank agreed, in case plaintiff's mechanics' lien was paid, lots 18, 19 and 20 should be released. The trial court found for the plaintiff and foreclosed the mechanics' lien; but in settling the priority of liens the court found that the defendant bank had a first lien on the premises in question by reason of its mortgage, and on confirmation of sale of the premises made distribution of the proceeds accordingly. The plaintiff has appealed, and now contends that the trial court was right in its findings and judgment, and that plaintiff should have been given a first lien, and the proceeds of the sale should have been distributed accordingly.

Appellant has cited no authorities in support of its contention, while, on the other hand, appellees in support of the decree have directed our attention to *Chamberlain Banking House v. Woolsey,* 60 Neb. 516, and *Chicago, B. & Q. R. Co. v. Burns,* 61 Neb. 793.

In *Chamberlain Banking House v. Woolsey* it is held: "Where, in a transaction involving the sale of mortgaged personal property, the debt is transferred to the purchaser thereof, and a new note and mortgage are executed, the note evidencing the original indebtness being canceled and surrendered, the presumption of law is that the execution and delivery of the new note and mortgage is in payment and satisfaction of the prior indebtedness, and the burden is on the creditor to prove to the contrary.

"Where, in such transaction, the note and mortgage evidencing the prior indebtedness are retained by the creditor, and a new note and mortgage taken for the amount due on the same indebtedness, the taking of

such new note and mortgage will not effectuate payment of the prior indebtedness, unless there is an express agreement of the parties that such new note and mortgage were received in payment and satisfaction of such prior indebtedness.''

In the opinion it is said: ''The note last given was held as collateral security to the original debt, unless there was an agreement that the debt should be paid by such note, and the plaintiff was at liberty to resort to such security for the satisfaction of the debt without in any way prejudicing him or his right to look to the makers of the prior note or the security given therefor.''

In *Chicago, B. & Q. R. Co. v. Burns,* 61 Neb. 793, it is held: ''The giving and acceptance of an order, bill of exchange or promissory note for a prior indebtedness will not be regarded as payment, unless there be an express agreement between the parties to that effect.''

It was held in those cases that taking a note for a pre-existing debt will not discharge the original indebtedness, unless by special agreement. We find no evidence of such an agreement in the record. It follows that, if the debt evidenced by defendant's $1,900 note was not discharged by the new note of $1,628, the lien of the defendant's mortgage was not discharged, but was prior to the mechanics' lien in question.

Appellant also contends that the value of lots 4 and 5 was enhanced by the erection of the building for which appellant furnished the material, and therefore the lien of the bank should be postponed and the workmen's lien should be declared the prior one. This contention is fully answered by statements of this court in *Boggs v. McEwen,* 69 Neb. 705, *Henry & Coatsworth Co. v. Halter,* 58 Neb. 685, *Grand Island Banking Co. v. Koehler,* 57 Neb. 649, and *Patrick Land Co. v. Leavenworth,* 42 Neb. 715. It is said, in substance, in those cases that a mortgage retains its priority over a mechanics' lien, notwithstanding the fact that the

value of the mortgage security is increased by the labor and material of a mechanics' lien claimant.

In *Henry & Coatsworth Co. v. Halter, supra,* it is held: "The lien of an ordinary mortgage is not subordinate to mechanics' liens, merely because the money which it was given to secure was loaned for the purpose of improving the mortgaged premises, and under an express contract that it should·be so used."

In *Grand Island Banking Co. v. Koehler, supra,* it is held: "A mortgage filed during the erection of a building on the premises mortgaged has priority over the rights of a person who subsequently began to furnish material for such erection."

It is seemingly contended by counsel for the plaintiff that the mere giving of the release of lots 18, 19 and 20 in the First addition to Edison released the mortgage first taken, and therefore left the mechanics' lien in force. That question is disposed of by the decisions we have cited. But it is further contended by the plaintiff that the bank "released property worth at least double that which·they got in lieu thereof." No such testimony is referred· to, and a careful examination of the evidence clearly shows that this contention is wholly without support. The property taken in lieu of lots 18, 19 and 20 was appraised at $500, but no one testifies that $500 was its full value, or that it was worth less than the lots released from the mortgage, and Mohney testified that the land accepted in lieu of lots 18, 19 and 20 was reasonably worth "about $1,500, and was so estimated by them." There is, therefore, a failure of evidence to show that the plaintiff suffered any injury because of the transaction, and there is a total failure of any evidence tending to establish bad faith on the part of the bank.

After a careful examination of the record, we are satisfied that the decree of the district court was right, and it is, therefore

AFFIRMED.

Rose and Sedgwick, JJ., not sitting.